UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

NICOLE SWANN

    Plaintiff,

vs.                                         **Case No.:** 3:11-cv-102-JRS

SIEGEL'S SOUTHSIDE PLAZA SUPER
MARKET, INC., a Virginia corporation

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, NICOLE SWANN ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues SIEGEL'S SOUTHSIDE PLAZA SUPER MARKET, INC., a Virginia corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Eastern District of Virginia.

3. Plaintiff, NICOLE SWANN (hereinafter referred to as "MS SWANN") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. MS SWANN suffers from what constitutes a "qualified disability" under the

Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations.  Prior to instituting the instant action, MS SWANN personally visited the Defendant's premises, **Southside Plaza,** located at and around the intersection of **Hull St. & Belt Blvd., RIchmond,** VA, (hereinafter referred to as the "SHOPPING CENTER"), and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. MS SWANN intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist.

4.	The Defendant, SIEGEL'S SOUTHSIDE PLAZA SUPER MARKET, INC., a Virginia corporation, (hereinafter referred to as "SIEGEL") is authorized to conduct and is conducting business in the State of Virginia.  Upon information and belief, SIEGEL is the owner and/or operator of the SHOPPING CENTER.

5.	All events giving rise to this lawsuit occurred in the Eastern District of Virginia in Richmond.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.	On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.   Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7.	Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by SIEGEL  is a place of public accommodation in that it is a SHOPPING CENTER, which provides goods and services to the public.

8. Defendant, SIEGEL has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the SHOPPING CENTER in derogation of 42 U.S.C. § 12101 et. seq.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the SHOPPING CENTER. Prior to the filing of this lawsuit, the Plaintiff visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the SHOPPING CENTER, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the SHOPPING CENTER in violation of the ADA. MS SWANN has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. SIEGEL is in violation of 42 U.S.C. § 12181 et.seq and 28 C.F.R. § 36.302 et seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

i. There is an insufficient number of accessible parking spaces;
ii. The ramp at the Community Supermarket and James Insurance is too narrow and contains improper cross-slopes;

3

    iii.    The ramp at the Rent-a-Car is too narrow and short and contains improper cross-slopes;
    iv.    The ramp at the Max-way is too narrow and short and contains improper cross- slopes;
    v.    The ramp at Shoe City is too narrow and short and contains improper cross-slopes;
    vi.    The ramp at the Thrift Store is too narrow and uneven and is dangerous.
    vii.    The ramp at Rainbow is too narrow, steep, and short and contains improper cross-slopes

Women's Restroom at the Community Market

    i.    At the time of the visit the entry door was broken;
    ii.    The entrance door too heavy;
    iii.    The hardware on the entrance door requires twisting and or grasping of the wrist to operate
    iv.    There is insufficient insulation on the pipes;
    v.    There is insufficient knee clearance under the lavatory;
    vi.    The paper towel dispenser is out of reach range;
    vii.    The wall mirror is too high;
    viii.    The flush valve is on the inside of the water closet

    12.    There are other current violations of the ADA at the SHOPPING CENTER owned and/or operated by SIEGEL that are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

    13.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

    14.    Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, SIEGEL was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, SIEGEL has failed to comply with this mandate.

15. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by SIEGEL, pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against SIEGEL and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by SIEGEL is violative of the ADA;

B. That the Court enter an Order directing SIEGEL to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing SIEGEL to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated March 15, 2011          Respectfully submitted,

/s/ James T. Tsai
James Tse Chung Tsai, Esquire
Virginia Bar No. 76141
Pesner Kawamoto Conway, PLC
7926 Jones Branch Dr. Suite 930

5

McLean, VA 22102
Telephone: (703) 506-9440
Facsimile: (703)506-0929
jtsai@pkc-law.com
*Local Counsel*

Stephan M. Nitz, Esquire
Florida Bar No. 0045561
Schwartz Zweben, LLP
3876 Sheridan Street,
Hollywood, FL 33021
Telephone: (954) 966-2483
snitz@szalaw.com
*Proposed Pro hac vice Lead Counsel*

## CERTIFICATE OF SERVICE

**I Hereby Certify** that I electronically filed the foregoing document with the Clerk of the Court on March 9, 2011 and to the following ECF Registrants: Stephan M Nitz, Esquire, Schwartz, Zweben, LLP, 3876 Sheridan Street, Hollywood, FL 33021, and by U.S. Mail to: HIQ Corporate Services, Inc, Registered Agent for Southside Plaza Meshekoff Family, LP, 201 N Union Street, Suite 140, Alexandria VA 22314

15

s/James Tsai
James Tsai